

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# Banda v. Burlington

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5131

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Banda v. Burlington" (2008). *2008 Decisions*. Paper 1665.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1665

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 06-5131
————

JOHN M. BANDA, JR.,

Appellant

v.

BURLINGTON COUNTY; BURLINGTON COUNTY PROSECUTOR'S OFFICE;
BURLINGTON COUNTY BOARD OF CHOSEN FREEHOLDERS;
ROBERT D. BERNARDI, Mr. Burlington County Prosecutor (Sued in his individual and
official capacities); GLEN FILIPPONE, Ms., Assistant Burlington County Prosecutor
(Sued in her individual and official capacities)

————

On Appeal from the Order of the United States
District Court for the District of New Jersey
D. C. N.o. Civ. No. 03-cv–02045
District Court Judge:  Hon. Joseph E. Irenas

————

Submitted under Third Circuit LAR 34.1(a)
August 16, 2007

Before:  BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>

(Opinion Filed:  January 30, 2008)

_____

O P I N I O N
_____

**PER CURIAM**

John Banda, Jr., proceeding pro se, filed a civil rights action in the United States

District Court for the District of New Jersey against Burlington County and the Burlington

County Board of Chosen Freeholders (the "County Defendants"), and the Burlington County

Prosecutor's Office and two Burlington County prosecutors (the "Prosecutor Defendants").

The District Court granted the County Defendants' motion for judgment on the pleadings and

the Prosecutor Defendants' motion for summary judgment. The District Court also denied

Banda's motion for reconsideration. This appeal followed. We will affirm.[1]

The Burlington County Prosecutor filed a forfeiture complaint against Banda's camper

alleging that Banda used the camper in furtherance of unlawful activity. Due to an error at

the detention center where he was confined, Banda did not receive the complaint, and the

state court entered a default judgment for the Prosecutor. The state appellate court vacated

the default judgment, and Banda and the Prosecutor later entered into a settlement agreement

---

[1]Banda stated in his notice of appeal and his informal brief that he appeals from the order denying his motion for reconsideration. Banda, however, disputes the merits of the District Court's underlying order. We will address the District Court's underlying order as well as the order denying reconsideration because it is apparent Banda intends to appeal the underlying order, that order is connected to the order denying reconsideration, and the Defendants discussed both orders in their appellate briefs. See Lusardi v. Xerox Corp., 975 F.2d 964, 972 (3d Cir. 1992) (setting forth test to determine when to exercise jurisdiction over unspecified prior orders).

2

providing for the camper's return to Banda. Banda's federal civil rights complaint may be construed as asserting procedural due process violations arising from the forfeiture proceedings. Banda alleged that the forfeiture complaint was filed, heard, and granted without his knowledge or his receipt of the complaint.

Banda's claim against the County Defendants was based on their alleged oversight of the Prosecutor's Office. We agree with the District Court that the County Defendants were not subject to liability on this basis because the State Attorney General, not the County, oversees the Prosecutor's Office in criminal matters. See Coleman v. Kaye, 87 F.3d 1491, 1500-05 (3d Cir. 1996) (explaining that county prosecutors in New Jersey act as county officials when performing administrative functions, but they act as State officers when they engage in classic law enforcement and investigative functions).

Because the Prosecutor Defendants acted as State agents, we also agree with the District Court that the Eleventh Amendment barred Banda's damages claims against the Prosecutor's Office and the individual prosecutors in their official capacities. MCI Telecomm. Corp. v. Bell Atlantic Pennsylvania, 271 F.3d 491, 503 (3d Cir. 2001). And the individual prosecutors were entitled to absolute immunity in their personal capacities. See Schrob v. Catterson, 948 F.2d 1402, 1411-13 (3d Cir. 1991) (holding prosecutor's initiation of an in rem civil proceeding for the forfeiture of criminal property was protected by absolute immunity).

3

Finally, in denying Banda's motion for reconsideration, the District Court rejected his argument that the court "overlooked the facts" that he did not commit a crime, that the police lacked probable cause to believe he committed a crime, and that he did not receive notice of the forfeiture proceedings until forfeiture was granted. The District Court explained that these "facts" were irrelevant to its legal analysis.

Banda may have been arguing that the prosecutors are not entitled to absolute immunity because they improperly initiated forfeiture proceedings when he did not commit a crime. As noted above, however, the prosecutors are absolutely immune from liability related to their initiation of the forfeiture proceedings. Because Banda did not establish an intervening change in the law, the availability of new evidence not previously available, or the need to correct a clear error of law or to prevent manifest injustice, the District Court did not abuse its discretion in denying Banda's motion for reconsideration. Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

Accordingly, we will **affirm** the District Court's orders.